UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| RONALD E. WHITE, | |
| Plaintiff, | Civil Action No. 09-6556 (SRC) |
| v. | OPINION |
| RESTAURANT DEPOT, | |
| Defendant. | |

**CHESLER, U.S.D.J.**

      This matter comes before the Court on motion to dismiss Plaintiff's Amended Complaint filed by Defendant Restaurant Depot [Docket Entry No. 12]. This motion is unopposed. This Court has considered the submissions by the parties in connection with these motions, and adjudicates the motions based on the papers submitted. For the reasons set forth below, the motion to dismiss will be granted by the Court.

## FACTUAL BACKGROUND

      As set forth in Plaintiff's Amended Complaint, it is alleged that Defendant Restaurant Depot engaged in age discrimination and race discrimination that occurred on June 19, 2009. (Complaint at 1.) Plaintiff is of African American origin and over the age of forty. Plaintiff asserts that while he was serving a 90 day probationary period before acceptance into Defendant's Union, the "Defendant fired Plaintiff for replacement of a family member on June 19, 2009." (Complaint at 2.) Plaintiff alleges that the termination "did adversely affect Plaintiff's work environment and created a hostile work environment" and the acts "constitute unlawful discriminatory unlawful employment practices within the meaning of Age Discrimination in Employment Act & Title VII of the Civil Rights Act of 1964." Id.

**STANDARD OF REVIEW**

In deciding a motion to dismiss pursuant to Rule 12(b)(6), courts must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)).  A Rule 12(b)(6) motion to dismiss should be granted only if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "The defendant bears the burden of showing that no claim has been presented."  Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005).

Plaintiffs' claims will be reviewed pursuant to "Federal Rule of Civil Procedure 8(a)(2)[, which] requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief[]' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Twombly, 550 U.S. at 555 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Twombly, 550 U.S. at 555 (internal citations omitted); see also FED. R. CIV. P. 8(a)(2).  "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  Id. at 589 (internal citations omitted).  "The pleader is required to 'set forth sufficient information to outline the elements of his claim or to permit inferences to be

drawn that these elements exist.'" Kost v. Kozakewicz, 1 F.3d 176, 183 (3d Cir. 1993) (quoting 5A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure Civil 2d § 1357 at 340 (2d ed. 1990)). And while a court will accept well-pled allegations as true for the purposes of the motion, it will not credit bald assertions or legal conclusions. Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).

## ANALYSIS

The Amended Complaint fails to state a claim upon which relief may be granted. Title VII of the Civil Rights Act of 1964 makes it "an unlawful employment practice for an employer . . . to discriminate against any individual . . . because of such individual's race, color, religion, sex or national origin." 42 U.S.C. Section 200e-2(a)-2(a)(1). Similarly, the Age Discrimination in Employment Act of 1967 ("ADEA") makes it unlawful for an employer to "discriminate any individual [over 40] . . . because of such individual's age." 29 U.S.C. Section 623(a)(1). The Complaint fails to sufficiently allege that Plaintiff was discriminated against due to race or age. Plaintiff simply concludes that the acts "constitute unlawful discriminatory unlawful employment practices." (Complaint at 2.) Such conclusory assertions will not be credited. Twombly, 550 U.S. at 555 ("[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.") Furthermore, the Complaint asserts that Plaintiff was terminated for "replacement of a family member on June 19, 2009" and that he "had a week to become unionized before he was fired." (Complaint at 2.) Nepotism is not a valid basis for a discrimination claim. See, e.g., Holder v. City of Raleigh, 867 F.2d 823, 825-26 (4th Cir. 1989) (nepotism alone, without discrimination on basis of race, color, religion, sex or national origin,

does not violate Title VII); Betkerur v. Aultman Hosp. Assn., 78 F.3d 1079, 1096 (6th Cir. 1996) (same).  Relatedly, being fired during a probationary period is also not grounds for a discrimination claim. Williams v. Harvey, 2006 U.S. Dist LEXIS 62249, *61 (E.D. Va. Aug. 21, 2006) ("defendant has every right to terminate a probationary employee" absent evidence of unlawful discrimination.) Given that Plaintiff concedes the basis for termination was nepotism and given the absence of factual allegations in support of any racial or age discrimination, the Complaint must be dismissed.

## CONCLUSION

For the reasons stated above, the motion to dismiss filed by Defendant will be granted and the Complaint must be dismissed without prejudice.  Plaintiff may file an amended Complaint within 20 days of this Order.  An appropriate form of Order will be filed with this Opinion.


April 15, 2010

                         Stanley R. Chesler
                         STANLEY CHESLER, U.S.D.J.